IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARVEY MACK LEONARD,

    Plaintiff,           No. 2:09-cv-3423-MCE-JFM (PC)

   vs.

EDWARD N. BONNER et al.,

    Defendants.      ORDER

                      /

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed February 24, 2010, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

/////

1         A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, id. However, "[s]pecific facts are not necessary; the statement [of facts] need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"" Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

        Plaintiff's complaint rests on separate, unrelated incidents addressed in turn below.

1.     <u>First Amendment Claim Against Deputy J. Burch and Deputy Sergeant Gutierrez</u>

        While housed at Placer County Jail as a civil detainee, plaintiff alleges that his First Amendment rights were violated by Deputy J. Burch and Deputy Sergeant Gutierrez when

2

1  he received a disciplinary violation for saying "How you doing, young lady" to a female
2  correctional officer.  (Compl. at 3.)

3  "[C]ivilly detained persons must be afforded 'more considerate treatment and
4  conditions of confinement than criminals whose conditions of confinement are designed to
5  punish."  Hydrick v. Hunter, 500 F.3d 978, 989 (9th Cir. 2007), *vacated on other grounds*, 129
6  S.Ct. 2431 (2009) (quoting Youngberg v. Romeo, 457 U.S. 307, 322 (1982)).  "[T]he rights
7  afforded prisoners set a floor for those that must be afforded [to civil detainees]."  Id. (citing
8  Youngberg, 457 U.S. 307).  When determining the rights of civil detainees, "[t]he law generally
9  requires a careful balancing of the rights of individuals who are detained for treatment, not
10 punishment, against the state's interests in institutional security and the safety of those housed at
11 the facility."  Id.  "As is the case with prisoners, civilly committed persons retain those First
12 Amendment rights not inherently inconsistent with the circumstances of their detention."  See
13 Turner v. Safley, 482 U.S. 78, 89 (1987).

14  Plaintiff claims that he had a right to say "How you doing, young lady" to a
15 female officer.  Even assuming this speech was protected, "[w]hen a prison regulation impinges
16 on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate
17 penological interests."  Turner, 482 U.S. at 89 (1987).  Here, there is a valid, rational connection
18 between the prison's requirement that officers be referred to by their title and the orderly
19 operation of the facility.

20  Based thereon, this claim is dismissed with prejudice.
21  2.  Fourteenth Amendment Claim Against Deputy J. Burch

22  Plaintiff next claims that his Fourteenth Amendment rights were violated by
23 Deputy Burch when the latter patted plaintiff down.  (Compl. at 2.)  Plaintiff attaches a
24 Disciplinary Report filed by Officer Burch in connection with this incident.  (See Compl., Ex. 1-
25 A.)  In that report, Officer Burch states that plaintiff complained of pain while being placed in a
26 /////

hold to conduct a pat-down. Officer Burch adjusted his hold. Based on these bare facts, no constitutional violation has been stated.

Accordingly, this claim is dismissed.

3.      Fourteenth Amendment Claim Against Serna, Vega and Bonner

Lastly, plaintiff asserts Officer Serna placed him in a belly-chain handcuff and Officer Vega placed plaintiff in leg shackles in violation of state law and the Fourteenth Amendment. (Compl. at 4.) Plaintiff also asserts a supervisor liability claim against Sheriff Bonner. (Id.) Essentially, plaintiff claims that the use of shackles and handcuffs violates California's Sexually Violent Predators laws, Cal. Penal Code § 6600 *et seq.*, and his Fourteenth Amendment rights.

Plaintiff does not have an absolute right to be free of restraints. Physical restraint of civil detainees is of course necessary at times. Youngberg v. Romeo, 457 U.S. 307, 320 and n.26 (1982). Here, other than the mere allegation of the use of restraints by Officers Serna and Vega, plaintiff fails to allege any facts that would support a Fourteenth Amendment claim.

Accordingly, this claim is dismissed.

Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed. The court will, however, grant leave to file a second amended complaint.

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in

civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed; and

2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Second Amended Complaint.

Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order may result in the dismissal of this action.

DATED:  September 14, 2010.

UNITED STATES MAGISTRATE JUDGE

/014;leon3423.14am

5

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARVEY MACK LEONARD,

      Plaintiff,                  No. 2:09-cv-3423-MCE-JFM (PC)

   vs.

EDWARD N. BONNER et al.,

      Defendants.          <u>NOTICE OF AMENDMENT</u>

_____/

      Plaintiff hereby submits the following document in compliance with the court's order filed _____:

      _____     Second Amended Complaint

DATED:

                                          _____
                                          Plaintiff